[Cite as *State v. South*, 2011-Ohio-5815.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                       :           C.A. CASE NO.     2011 CA 7

v.                                               :           T.C. NO.     08TRD4569
                                                           09CRB3161

CHAD SOUTH                                       :
                                                        (Criminal appeal from
    Defendant-Appellant                      :           Municipal Court)

                                                           :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the   10th   day of    November   , 2011.

. . . . . . . . . .

ELIZABETH H. SMITH, Atty. Reg. No. 0079180, Assistant City Prosecutor, City of Springfield, 50 E. Columbia Street, 4th Floor, Springfield, Ohio 45502
       Attorney for Plaintiff-Appellee

JAMES N. GRIFFIN, Atty. Reg. No. 0015917, 8 N. Limestone Street, Suite D, Springfield, Ohio 45502
       Attorney for Defendant-Appellant

CHAD SOUTH, 4243 Green Meadows, Enon, Ohio 45323
       Defendant-Appellant

. . . . . . . . . .

PER CURIAM:

{¶ 1} This matter is before the Court on the Notice of Appeal of Chad South, filed February 24, 2011, in response to a denial of a motion for jail time credit in case 08 TRD 04569 and 09 CRB 03161. Appointed counsel for South submitted an appellate brief under *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 139618 L.Ed.2d 493, stating that no arguably meritorious issues exist for appeal. After a thorough review of the record, we find the appeal moot and accordingly dismiss it.

{¶ 2} In case number 08 TRD 04569, South plead guilty in Clark County Municipal Court to the offenses of Driving Under Suspension (DUS) and Reckless Operation on April 18, 2008. On May 2, 2008, South was sentenced to 180 days in jail, with 170 days suspended with credit for 7 days served. South was placed on probation for one year. On September 18, 2009, a probation violation charge was filed against South, and a hearing was set for October 1, 2009. South failed to appear for his probation violation hearing and a bench warrant was issued for South's arrest.

{¶ 3} In case number 09 CRB 03161, South plead guilty in Clark County Municipal Court for Domestic Violence on or about September 17, 2009. A sentencing hearing was scheduled to be conducted on October 1, 2009. However, South failed to appear for the hearing and a second bench warrant was issued on October 5, 2009.

{¶ 4} On October 17, 2009, South was arrested and charged in Montgomery County with Tampering with Evidence, Obstructing Official Business, and Having a Weapon while under Disability. These charges were unrelated to South's cases in Clark County. Accordingly, Clark County filed detainers against South on the two outstanding bench warrants. Defendant plead guilty to Tampering with Evidence in Montgomery County

Municipal Court and on December 10, 2009, was sentenced to one year in prison. On January 11, 2010, South was transported from Montgomery County Jail to the Ohio State Penitentiary to serve the balance of his Montgomery Country sentence.

{¶ 5} On March 22, 2010, while incarcerated in prison, South filed the proper paperwork demanding a speedy trial, pursuant to R.C. 2941.401 (Request for a Final Disposition on Pending Charges by Prisoner), on his Clark County cases. This request was properly served on the prosecutor and the trial court. The trial court never ruled on his request. On July 19, 2010, South filed a motion with the Clark County Municipal Court asking that he be returned to Clark County for sentencing. In the alternative, South asked the trial court to conduct his sentence via video conference. On July 23, 2010, the trial court denied this motion without a hearing.

{¶ 6} On August 24, 2010, South filed a "Motion to Withdraw Guilty Plea" on his Domestic Violence charge in case 09 CRB 03161. A hearing was set in Clark County Municipal Court for October 19, 2010, on this request. South was released from prison on his Montgomery County case on October 16, 2010, but was conveyed to Clark County for the hearing on his detainer(s). At this hearing, South was appointed a public defender, orally withdrew his request to withdraw his guilty plea and entered an admission to the probation violation. The court then sentenced South to 180 days in jail for the domestic violence charge and 90 days in jail for his probation violation, with the jail terms to run concurrently.

{¶ 7} After sentencing, South filed a *pro se* Motion for Jail Time Credit, pursuant to R.C. 2949.08(C)(D) and R.C. 2967.191. South argued that he should be given credit

against his 180 day Clark County jail sentence for the year he spent incarcerated on the Montgomery County case. On February 24, 2011, the trial court denied this motion, holding that South should not receive credit because he was incarcerated on separate, unrelated charges for that time period and Clark County only had detainers on South at the time. South filed a timely appeal to the decision on the same day.

{¶ 8} South's appointed counsel filed an *Anders* brief on July 1, 2011, stating that there are no meritorious claims to raise on South's behalf. By magistrate's order of July 22, 2011, we informed South that his counsel filed an *Anders* brief and informed him of its significance. We invited South to file a *pro se* brief assigning any error for our review within sixty days of July 22, 2011. South has not filed anything with this Court. This matter is now before us for our independent review of the record. *Penson v. Ohio* (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300. While arguing that there are no meritorious claims for review, South's appellant counsel has identified one possible issue for appeal as follows: "Appellant was denied proper credit for the time served while the appellant was in prison, awaiting transport back to the Clark County Municipal Court for further proceedings in his case." We need not consider this argument, however, as South's 180 day and 90 day concurrent terms have been served. Thus, this potential assignment of error does not have arguable merit.

{¶ 9} Accordingly, this appeal is rendered moot and dismissed.

. . . . . . . . . .

FAIN, J., DONOVAN, J., and HALL, J., concur.

Copies mailed to:

Elizabeth H. Smith
James N. Griffin
Chad South
Hon. Thomas E. Trempe